

United States Department of Justice

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0658* |
| *Syracuse, New York 13261-7198* | |

August 26, 2015

Hon. Elizabeth A. Wolford
U.S. District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York  14614

      Re:    *United States v. Joseph Jenkins*
              **Criminal Action No.:  5:14-CR-088 (EAW)**

Dear Judge Wolford,

      Please allow this correspondence to serve as the government's response to the defendant's motion to stay proceedings filed August 17, 2015, Doc. No. 81.  The defendant cites four grounds to support his request to stay his sentencing: (1) that the outcome of the prior case will be grounds for a retrial in the instant action; (2) that additional judgments prior to the resolution of his Canadian proceeding would be improper; (3) that the civil collection proceeding will continue to negatively impact this instant action; and (4) that the conduct of the government and court in the NDNY must be investigated.  *See* Dkt. 81.

      The government opposes a stay of the sentencing.  As to the first ground, assuming *arguendo* that the defendant successfully appeals his conviction for distribution and possession of child pornography (a result in the indefinite future), that appellate reversal would have no bearing or legal implications for his perjury case; the defendant would not be entitled to a retrial on the perjury matter.  A retrial on the perjury matter cannot happen until the defendant is sentenced, and until he successfully appeals the conviction and sentence on the perjury action.  Therefore, the proposal to hold off sentencing until his retrial is a request for the impossible.  As to grounds two and four, the defendant's baseless allegations are factually and legally incorrect and form no basis for an indefinite stay of his sentencing.  As to the third ground, the civil collection proceeding has no impact on the defendant's ability to go forward in the instant action.  If the defendant is successful in challenging the writ of garnishment[1], he will have additional funds available for consideration for the appointment of counsel.  At present, the government is asking the court to consider the defendant's eligibility for counsel without regard to the $52,200 accounted for by the writ of garnishment, effectively putting the defendant in a better position to be found eligible for assigned counsel, if the defendant is actually seeking court-appointed counsel.[2]

---

[1] The government has no information for the court regarding the anticipated decision date on the writ of garnishment action.

[2] The defendant, in his June 18, 2015, notice of opposition/objection to report-recommendation for Government's Writ of Garnishment stated that he needed the funds in the accounts subject to garnishment to "combat the outrageous district court acts and hostile government actions" and argued that he had the right "to use them to retain council of choice, in both the U.S. and Canada."  *Id.*  On June 20, 2015, the defendant sought a delay in his August 12, 2015 sentencing and asked the court to appoint an attorney, order the government to release his money, or delay the proceedings.  *See* Doc. 76.  During the August 12, 2015, court proceedings the defendant requested court-appointed counsel of his choosing, specifically indicating that he did not want court-appointed CJA counsel.  The defendant has engaged in a continued predictable pattern of lodging (and re-lodging) every argument, accusation, and obstacle possible to delay each of the proceedings held to date.

Letter to Hon. Elizabeth J. Wolford
*United States v. Joseph Jenkins*
5:14-CR-88 (EAW)
August 26, 2015
Page 2

      Attached to this correspondence are the financial records obtained as part of the perjury investigation for the court's consideration of the defendant eligibility for counsel. The attached records will not be filed on the court's electronic court filing system, consistent with the August 12, 2015, advisement of the court.

      As the government noted during the August 12, 2015 appearance, the decision for the appointment of counsel is one for the District Court to make after appropriate inquiry into whether the defendant is unable to afford representation. *See* 18 U.S.C. 3006A. The government respectfully asks this Honorable Court to consider that CJA funds are a necessarily limited resource and therefore public funds should not be used to pay the cost of counsel for financially ineligible defendants. *See United States v. Parker*, 439 F.3d 81, 109 (2d. Cir. 2006). The defendant has already had the benefit of court-appointed counsel (that he later fired) without the requirement of establishing financial eligibility. *See* 5:14-CR-00088, Text Order of May 30, 2014.

      In conclusion, the government respectfully asks the court: (1) to review the attached financial records as bearing on the Court's determination of the defendant's eligibility for assigned counsel; and (2) to deny the defendant's motion to indefinitely delay his sentencing.

      Sincerely,

      RICHARD S. HARTUNIAN
      United States Attorney

By:    */s/ Tamara B. Thomson*
       Tamara B. Thomson
       Assistant United States Attorney
       Bar Roll No. 515310

cc:    Joseph Jenkins, *pro se*
       Randi Bianco, AFPD